IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NORRIS ELLWOOD SMITH,<br>Plaintiff, | ) | Civil Action No. 7:21-cv-00083 |
| v. | ) | |
| | ) | By: Elizabeth Dillon<br>United States District Judge |
| HARRISONBURG-ROCKINGHAM<br>REGIONAL JAIL MEDICAL DEPT.,<br>Defendant. | ) | |

**MEMORANDUM OPINION**

Norris Ellwood Smith, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 while being held at the Harrisonburg-Rockingham Regional Jail (HRRJ). The only defendant he names is the HRRJ Medical Dept. His complaint is brief and contains two claims without much supporting detail. The first claim, in its entirety, alleges: "I have asked for several follow ups with my doctors for cancer, my prostrate issues, refuse to give me a copy of results for Covid-19 none of which have been done." (Compl. 2, Dkt. No. 1.) In the second, he alleges that he is "being held on a bondable charge without bond and [has] tried to get a bond hearing without any help from lawyer. Medical Malpractice of medical dept. at jail." (*Id.*) The only relief he seeks is a compassionate release because of his purported susceptibility to Covid and a "cash settlement for [his] stress and medical needs." (*Id.*) He offers no other detail or factual allegations in his complaint.

Upon review of Smith's complaint, the court concludes that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation

marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The only named defendant, the "Harrisonburg-Rockingham Regional Jail Medical Dept.," is not an entity capable of being sued or a "person" for purposes of § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992) (holding a jail is not a person subject to suit under § 1983). Accordingly, Smith fails to state a claim against that entity.

Even if he had named a proper defendant, however, the facts set forth fail to state a violation of Smith's Eighth Amendment rights. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that the defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.

1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. *Russell*, 528 F.2d at 319 (citing *Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971)). Instead, the prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

In this case, Smith alleges he has not received "follow-ups" with his doctors, that he has not been given the results of his Covid-19 test, and that unnamed persons in the medical department have committed "medical malpractice." Mere negligence or malpractice does not rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 106. Moreover, a complaint that he has not received "follow-up" suggests that he has received some care. A complaint that "follow-up" is not happening as quickly as a prisoner would like, without more, does not state a constitutional claim. More importantly, he has not alleged any facts to show that any individual "had actual knowledge of an objectively serious medical need and disregarded that need," as he must to state a claim. *See Farmer,* 511 U.S. at 837. In short, he has failed to allege a violation of his Eighth Amendment rights so as to state a plausible claim under § 1983.

Additionally, at least some of the relief Smith seeks—compassionate release—is not relief that this court can grant to him. Smith is being held in a regional jail, and nothing about his complaint suggests that he is being held on federal charges. This court has no authority to order that a state pretrial detainee or inmate be released on compassionate release grounds. That is an issue for the appropriate state authorities.

For the reasons set forth above, Smith's complaint in its current form is subject to dismissal. In consideration of Smith's status as a *pro se* litigant, however, the court will give Smith an opportunity to amend his complaint, if he wishes to do so, in order to correct the deficiencies noted in this opinion. If he elects to amend, he shall do so within thirty days after entry of the accompanying order.

An appropriate order will be entered.

Entered: March 19, 2021.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge